WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Mike Duffy, III, and Ryan Adelbert Johnson,<br><br>    Defendants. | No. CR-22-08057-PCT-DGC<br><br>**ORDER** |

Defendants Mike Duffy and Ryan Johnson have filed a timely motion for a new trial. Doc. 148. The motion is fully briefed and oral argument is not necessary. The Court will deny the motion.

**I.    Relevant Facts.**

Defendants were charged with five counts related to shooting at Hopi police officers. Doc. 1. A jury trial began on September 25, 2023, to be held in two parts. The first part addressed only Counts 1, 2, and 3. After the jury reached a verdict on those counts, the parties would present the felon-in-possession charges in Counts 4 and 5. Doc. 75. The jury was not told of Counts 4 and 5 at the outset of the trial because the Court concluded that Defendants' status as felons could prejudice their defense to Counts 1-3.

The presentation of evidence on Counts 1-3 was completed on Thursday, September 28, 2023, and the Court read its final instructions to the jury before adjourning. Doc. 126. Closing arguments were made the next morning, and the jury retired to deliberate at

approximately 11:00 a.m.  Doc. 127.  The jury asked a number of questions during the course of the afternoon.  *See* Doc. 136.  The Court conferred with counsel on each question and provided written responses to the jury.  *Id.*; Doc. 155 at 82-106.

The jury reached a verdict and called the Court's staff at approximately 6:49 p.m.  Doc. 155 at 108.  The jury found Defendants guilty on Counts 1, 2, and 3.  Doc. 137.  The Court polled the jurors and found the verdict unanimous.  Doc. 155 at 110-12.  Because of the lateness of the hour, the Court concluded that Counts 4 and 5 would not be presented to the jury and declared a mistrial on those counts.  Doc. 127.

Defendants correctly note that courts have found it improper to place a deadline on jury deliberations, and argue that the Court's and the parties' estimate of a five-day trial, which was communicated to the jury, coupled with the jurors' distant residence in Northern Arizona, effectively placed a Friday-night deadline on their deliberations and coerced a verdict.  Doc. 148.  Defendants seek a new trial.

**II.  Defendant's Arguments Are Not Persuasive.**

Federal Rule of Criminal Procedure 33 allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  The burden rests with the defendant, *United States v. Alvarez-Moreno*, 657 F.3d 896, 901 (9th Cir. 2011), and a motion for new trial is directed to the discretion of the trial judge, *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981).  Motions for a new trial are granted only in exceptional circumstances.  *Id.*; *see also United States v. Carter*, No. 20-10299, 2021 WL 5984904, at *2 (9th Cir. Dec. 16, 2021).

Although it is true that a trial court may not place a deadline on jury deliberations, the Second Circuit has observed that cases granting a new trial on this ground are "dealing either with an explicit time limit placed directly on the jury's deliberations, or with a charge which taken in context was likely to give the jury the impression that it was more important to be quick than to be thoughtful."  *United States v. Green*, 523 F.2d 229, 236 (2d Cir. 1975) (citations omitted).  For several reasons, the Court finds that no similar error occurred here.

First, the Court gave the jury model Ninth Circuit instructions which made clear that the jurors should make their own careful consideration of the evidence, should not infer from any action of the Court that a particular verdict was preferred, and should not change a good faith belief about the weight of the evidence simply to reach a verdict:

> It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. . . . Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

Doc. 149 at 2.

> If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

*Id.* at 5.

> Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.
>
> Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.
>
> It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Id.* at 25.

Second, the Court's statements to the jury about the trial schedule did not suggest that there was a deadline for their deliberations. On the morning of jury selection, the Court

stated: "As the jury notice indicated to you, this trial is expected to last five days. It will go today through Friday. We are confident it will be done by Friday." *See* Livenote Transcript, 9/25/23 at 72. At the end of trial on Wednesday, September 27, the Court made the following statement to the jury: "I think we're making good progress in getting through the evidence. We'll have no difficulty I don't believe ending the trial within the days we told you." *See* Livenote Transcript, 9/27/23 at 131. These statements conveyed the Court's and the parties' expectation concerning the length of the trial – an important piece of information for jurors who are sacrificing their time to serve – but said nothing about a time limit on their deliberations.

Third, before deliberations started on Friday, September 29, the Court designated and excused two alternate jurors in light of the fact that 14 jurors had been seated for trial. The Court instructed the two alternates not to discuss the case with others, stating that this would preserve their ability to deliberate if they had to be called back on Monday to replace a juror who had been excused:

> I think the jury will complete today and be finished; but if by chance one of them were to get ill and we had to continue on Monday or we had to continue on Monday and one or two of them couldn't do that, we would call you back for the deliberations. So you need to preserve your ability to deliberate, please, through the weekend. Feel free to call my office on Monday if you want to know what the verdict was or that there was a verdict.

Doc. 155 at 67.

These statements were made in front of the entire jury panel. The jurors thus clearly understood that Monday deliberations were possible.

Fourth, at approximately 5:35 p.m. on Friday, the jury sent out the following note: "Can we ask about changing out a Juror because he states uncomfortable with sentencing." Doc. 136 at 9. The court responded at 5:55 as follows: "In response to your question, we cannot change out a juror. Please review Instruction 26, along with all of the instructions." *Id.* at 10. Instruction 26 informed the jury that "[t]he punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the

- 4 -

government has proved its case against the defendant beyond a reasonable doubt." Doc. 149 at 28.[1]

After dealing with this question, the Court and the parties discussed whether the trial of Counts 4 and 5 should proceed that evening or should be addressed at a later date before the same or a different jury. Doc. 155 at 99-104. No decision was reached, but the Court and counsel engaged in a relevant discussion. The Court noted that it did not want to rush the jury's deliberation and that arrangements would be made for the jury to continue deliberating Monday if that was their preference, even though the undersigned judge would be out of town and another judge would need to take the verdict:

> MR. ANDERSEN: I wonder how long you're willing to let them go tonight if they don't make a decision.
>
> THE COURT: Well, I typically leave that up to the jury. I mean, I would tell them if you don't reach a verdict tonight, you need to come back Monday and we would have to get another judge to take the verdict on Monday. I mean, it's a big imposition on everybody at the Court because the Court closes at five but I've never told a jury that they have to finish by five. I don't want to rush their deliberations by doing that. And if there's preference to go late and not come back on Monday, I will let them do that.

*Id.* at 102.

Defense counsel did not object to this approach, and the undersigned judge arranged internally for another judge to take the verdict on Monday if the jury elected to adjourn for the weekend. The jurors chose to continue their deliberations into the evening without consulting the Court. After more than an hour of additional deliberation (counting from

---

[1] The transcript notes that the Court convened in the courtroom with counsel to discuss this question at 5:54 p.m. Doc. 155 at 104. This would be about 20 minutes after the jury submitted the question (during which the jury called the bailiff, the note was retrieved, the Court reviewed the note, and counsel, the Court's deputy clerk, and the court reporter assembled in the courtroom). The Court therefore estimates that the jury submitted this question at about 5:35 p.m. The Court had instructed the jurors that they could continue deliberating while the Court reviewed and responded to questions (Doc. 149 at 30), and assumes they did so in this instance. Thus, more than hour of deliberation elapsed between this question and the jury's verdict at 6:49 p.m.

the 5:35 p.m. question), the jury returned a unanimous verdict.[2] The Court finds nothing in these procedures to suggest the jury was coerced in any way.[3]

Finally, a Second Circuit case cited by Defendants is squarely on point. The trial court in *United States v. Green* set a schedule for the jury trial and informed jurors that the case would conclude by July 23. 523 F.2d at 234-35. This was particularly relevant to two jurors who had vacation plans the next day. The jury returned a guilty verdict at 9:50 p.m. on the evening of July 23, and the defendants later sought a new trial on the same grounds as Defendants' motion – that the schedule for the trial effectively set a deadline for jury deliberations and the jury's late-night verdict on the evening of July 23 was reached to meet this deadline. *Id.*; Doc. 148. If anything, the case before the Second Circuit presented a stronger reason for a new trial because there were no alternate jurors who could continue deliberations on July 24 if a verdict was not reached. *Green*, 523 F.2d at 234. The Second Circuit nonetheless rejected the new trial motion for reasons that apply fully in this case:

> At no time did the district judge instruct the jury that it must return a verdict by a certain time. On the contrary, the court instructed the jurors to decide the case solely on the evidence, to listen to the arguments of their fellow jurors, and to decide whether they could "with good conscience agree." The remarks made on July 15 to jurors 5 and 11 were assurances by the judge that he would not interfere with their vacation plans beyond July 23. His purpose at that time was clearly not to instruct the jury as to the course of its deliberations, but rather to urge the jurors to bear with him a little longer and to prod the lawyers on both sides to proceed expeditiously. When the jury received the case on July 23 its only duty as stated by the court was to decide the case properly.

---

[2] Defendant argues that jury deliberations could not continue on Monday, October 2, 2023, because the undersigned judge was out of town. Doc. 158 at 2. This is not correct. The Court explained that the *trial* of Counts 4 and 5 could not continue on Monday because the undersigned would be out of town, but was willing to identify another judge to take a *verdict* on Counts 1-3 if the jury continued its deliberations on Monday. Doc. 155 at 102.

[3] Nor does the Court have reason to believe that its response to the 5:35 p.m. question had any coercive effect on the anonymous juror who apparently had a concern about sentencing. *See* Doc. 136 at 9-10. The Court's response referred the jurors to the instruction which stated that punishment was a matter for the Court, not the jurors, and the Court assumes the anonymous juror who was concerned about sentencing accepted this instruction.

> Appellants cite a number of cases for the proposition that it is coercive for the trial judge to set a time limit on the jury's deliberations. However, in each of those cases the courts were dealing either with an explicit time limit placed directly on the jury's deliberations, or with a charge which taken in context was likely to give the jury the impression that it was more important to be quick than to be thoughtful. In this case, the court did not instruct the jury to decide the case within a certain time. Furthermore, the court's final charge to the jury clearly placed the emphasis on a reasoned decision according to the evidence, not on time constraints. We therefore hold that the district court's statements to the jury, in context, were not coercive.

*Id.* at 236 (citations omitted).

The Court likewise finds a new trial unwarranted in this case. The jury was not given a deadline for deliberations. If anything, the jury understood from the Court's instructions to the alternate jurors that deliberations could continue on Monday if needed. The jurors were told to make their own careful review of the evidence and not to change their views simply to reach a verdict. The jury clearly gave careful consideration to the issues and evidence as reflected in their numerous questions, and reached a unanimous verdict of guilty. True, the final day of trial was long and tiring for everyone, but that is not unusual for trial days and the Court has no reason to believe the jury's verdict was the result of time pressure or other improper influence.

**IT IS ORDERED** that Defendants' Motion for a New Trial (Doc. 148) is **denied**.

Dated this 21st day of November, 2023.

David G. Campbell
Senior United States District Judge