WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Mike Duffy, III, and Ryan Adelbert Johnson,<br><br>  Defendants. | No. CR-22-08057-PCT-DGC<br><br>**ORDER** |

On September 29, 2023, a jury convicted Defendants Mike Duffy and Ryan Johnson of crimes related to shooting at Hopi police officers. Doc. 137. The following month, Defendants filed a motion for a new trial asserting that the parties' estimate of a five-day trial, coupled with the jurors' residence in Northern Arizona, effectively placed a deadline on jury deliberations and coerced a verdict. Doc. 148. The Court denied the motion. Doc. 161.

On January 25, 2024, a member of the jury called the Court's chambers and talked to the Judicial Assistant. The juror had previously called the Court and asked to speak with the judge, but was told the case was ongoing and such a discussion was not possible. The juror suggested to the Judicial Assistant, in language couched as a "hypothetical," that one or more jurors had been influenced to make a quick decision during deliberations because they wished to go home for the weekend. The juror indicated that he had spoken to unidentified individuals about the matter. He asked if such a fact could be taken into

account at sentencing. The Judicial Assistant did not provide information to the juror or respond to his questions. No further discussions have been held with the juror.

This order is meant to inform the parties of this contact and request their input. Because the juror's disclosure concerns the deliberative process and mental state of the jury, it appears that Federal Rule of Evidence 606(b) prevents the Court from considering or acting on the juror's statements.

## II.  The Court Cannot Consider the Juror's Testimony.

Juror testimony cannot be used to impeach a verdict unless "extrinsic influence or relationships have tainted the deliberations." *Tanner v. United States*, 483 U.S. 107, 120 (1987). In *Tanner*, the Court noted the "near-universal and firmly established common-law rule in the United States prohibit[ing] the admission of juror testimony to impeach a jury verdict." *Id.* at 121.

Rule 606(b)(1) prohibits juror testimony "about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." Fed. R. Evid. 606(b)(1). The rule also states that "[t]he court may not receive a juror's affidavit or evidence of a juror's statement on these matters." *Id.* The only exceptions concern circumstances where "extraneous prejudicial information was improperly brought to the jury's attention," "outside influence was improperly brought to bear upon any juror," or "a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2). Additionally, the Supreme Court has recognized that the Sixth Amendment requires that the prohibition in Rule 606(b)(1) give way where "a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant." *Pena-Rodriguez v. Colorado*, 580 U.S. 206 (2017).

Ninth Circuit caselaw makes clear that juror testimony discussing internal jury deliberations is barred by Rule 606(b)(1). *See, e.g.*, *United States v. Leung*, 796 F.3d 1032, 1035-36 (9th Cir. 2015) (testimony that jurors had prematurely made up their minds and discussed evidence before the start of deliberations inadmissible); *Estrada v. Scribner*, 512

F.3d 1227, 1237 (9th Cir. 2008) (testimony from jurors that they felt pressured to vote guilty and were treated disrespectfully by other jurors inadmissible); *U.S. v. Rutherford*, 371 F.3d 634, 639-40 (9th Cir. 2004) (testimony that jurors ignored trial court's instructions and discussed defendant's failure to testify during deliberations inadmissible).

Jury discussions regarding personal time constraints and their influence on the deliberative process are "internal" to the jury. In *Hart v. Broomfield*, No. CV 05-03633 DSF, 2020 WL 4505792 (C.D. Cal. Aug. 5, 2020), the court addressed whether juror testimony was admissible to show the jurors' votes were influenced by a juror who wished to return to work. A juror testified that another juror threatened to hang the jury if the others did not wrap up their deliberations quickly. The hostile juror reportedly said he was "losing money sitting . . . on jury duty" because he was in his busy season. *Id.* at 32. The district court concluded that the testimony was inadmissible under Rule 606(b) because the matter concerned the mental processes of the jury and did not contemplate the existence of any extrinsic influence. "In other words, the offending act was, if anything, an *internal* influence on the verdict, and the Court may not consider another juror's affidavit on such an issue." *Id.* at 34 (emphasis in original); *see also Ali v. Grounds*, CV No. 14-0898 BAS (WVG), 2015 WL 13079247, at \*20 (S.D. Cal. Mar. 16, 2015), *report and recommendation adopted*, 236 F. Supp. 3d 1241 (S.D. Cal. 2017), *aff'd*, 772 F. App'x 580 (9th Cir. 2019) (statements by jurors that they felt "compelled" to make a decision due to jurors' upcoming vacation plans "plainly describe the jurors' mental state during deliberations and as such are inadmissible under federal law."); *McNally v. Frauenheim*, No. CV 16-8572-CJC (KS), 2019 WL 7404836, at \*15-17 (C.D. Cal. Nov. 21, 2019), *report and recommendation adopted*, No. CV 16-8572-CJC (KS), 2020 WL 32538 (C.D. Cal. Jan. 2, 2020) (testimony that foreman was determined to have a verdict by a specific date inadmissible).

The information conveyed by the juror on January 25 concerns the mental processes of the jury. Though vague, the juror's statements speak to how a desire to conclude jury duty may have influenced the jurors' decision-making process. Such concerns were internal to the jury deliberations and testimony about them is barred by Rule 606(b)(1).

*See Gonzalez v. Junda*, No. CV 12-03853 GAF RZ, 2013 WL 2617679, at *5-6 (C.D. Cal. June 11, 2013) ("[T]he purported pressure experienced by the two jurors was necessarily part of the deliberative process and, as such, involved an internal matter."). No exception in Rule 606(b)(2) appears to apply to this situation.

For these reasons, the Court is inclined to conclude that it must disregard the call from the juror. The Court would appreciate the parties' thoughts on this matter.

**IT IS ORDERED** that the parties shall file memoranda addressing the juror's communication by **February 9, 2024**.

Dated this 29th day of January, 2024.

David G. Campbell
Senior United States District Judge